IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| AMY J. ZETTLE, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | NO. 3:10-cv-307 |
| v. | ) ) | JUDGE KIM R. GIBSON |
| AMERICAN NATIONAL PROPERTY AND CASUALTY, CO., | ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER ON MOTION FOR RECONSIDERATION

This matter comes before the Court on Defendant's Motion for Reconsideration (Doc. No. 50) of part of the Court's May 7, 2012 Order (Doc. No. 48), which directed Defendant, *inter alia*, to produce to Plaintiff certain claims files from the period extending one year before Plaintiff's loss through the present, so long as those files implicate either a) denied underinsured or uninsured motorist claims involving insured members who selected the limited tort option, or b) underinsured or uninsured motorist claims acted upon (denied) pursuant to the advice of counsel. Plaintiff opposes the Motion. Upon consideration of Defendant's Motion and oral argument presented by the parties on May 18, 2012, the Court will **GRANT** the Motion.

The purpose of a motion for reconsideration is "'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (quoting *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1998)). A judgment may be altered or amended if the party seeking reconsideration demonstrates at least one of the following grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice. *Lazaridis*, 591 F.3d at 669 (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir.

1

1995)); *Quinteros*, 176 F.3d at 677. However, "[m]ere 'dissatisfaction with [a court's] ruling is not a proper basis for reconsideration." *Holbrook v. Woodham*, Civ. A. No. 3:05-304, 2007 U.S. Dist. LEXIS 50966, *4 (W.D. Pa. 2007) (quoting *Velazquez v. UPMC Bedford Mem'l Hosp.*, 338 F. Supp. 2d 609, 611 (W.D. Pa. 2004)); see also *Lazaridis*, 591 F.3d at 669 (upholding a district court's denial of a motion for reconsideration because advancing "the same arguments that were in [the movant's] complaint and motions" was "not a proper basis for reconsideration").

Defendant advances its Motion for Reconsideration on two theories: first, that there is new evidence available as to the burden that will be placed on it should it be forced to comply with the Court's May 7, 2012 Order; and second, that the Court erred by not sufficiently considering previous cases within the Third Circuit addressing the discoverability of other insureds' claim files in bad faith actions. Doc. No. 50 at 3. Plaintiff did not file a response to Defendant's Motion, but during oral argument, Plaintiff's counsel suggested 1) that the process of producing the relevant files would not be as burdensome as Defendant has suggested, and 2) that Defendant's potentially disparate treatment of Plaintiff's claim vis-à-vis other claims is very relevant to the instant litigation. Doc. No. 52 at 2.

The Court finds persuasive both of Defendant's proffered justifications for reconsideration. Prior to the Court's consideration of Defendant's Motion and subsequent oral argument, the Court was unaware – as were the parties – of the extent of the time required to comply with Plaintiff's request for documents pertaining to other denied automotive insurance claims motorist claims during the period extending from one year before Plaintiff's loss through the present. Defense counsel claims that compliance will require an associate-level attorney to work full time for over one year to review, redact and produce the documents in question. Doc. No. 50 at 5-6. While the Court acknowledges Plaintiff's skepticism as to Defendant's estimates,

2

no specific evidence was produced during oral argument to counter these estimates, which are set forth in painstaking detail in the Motion. Doc. No. 50 at 3-6. Further, as Defendant rightfully notes, courts in this district have held that discovery of other insureds' claims in bad faith cases is generally improper, as such information is irrelevant. See *Graham v. Progressive Direct Ins. Co.*, 2010 WL 3092684 at *1 (W.D.Pa. Aug. 06, 2010) (noting that "the majority of the opinions addressing this issue disfavor the discovery of similar claims evidence in bad faith cases"). Had the Court considered these factors prior to its earlier decision, it would not have directed Defendant to produce the relevant files. Accordingly, the Court will vacate paragraph 1 of its May 7, 2012 Order, and Defendant is not required to produce to Plaintiff the documents described therein. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMY J. ZETTLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:10-cv-307 |
| v. ) | JUDGE KIM R. GIBSON |
| ) | |
| AMERICAN NATIONAL PROPERTY ) | |
| AND CASUALTY, CO., ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

**AND NOW**, this 19th day of June 2012, in accordance with the Memorandum, **IT IS HEREBY ORDERED** that Defendant's Motion for Reconsideration (Doc. No. 50) is **GRANTED** as to paragraph 1 of this Court's May 7, 2012 Order (Doc. No. 48). The Court **VACATES** its previous decision as to the documents described therein, and Defendant is not required to produce them to Plaintiff. All other provisions of the Court's May 7, 2012 Order remain in effect.

BY THE COURT:

_/s/ Kim R. Gibson_
**KIM R. GIBSON,**
**UNITED STATES DISTRICT JUDGE**